# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 5:07-cv-79

| | |
|---|---|
| CHRISTINE M. KEEN, </br>  Plaintiff | ) </br> ) </br> ) |
| v. | ) </br> ) |
| MICHAEL J. ASTRUE, </br> Commissioner of </br> Social Security, </br>  Defendant | ) </br> ) </br> ) </br> ) |

## CONSENT ORDER WITH REMAND
## PURSUANT TO SENTENCE FOUR OF 42 U.S.C. SECTION 405(g)

The United States of America has moved this Court, pursuant to sentence four of 42 U.S.C. section 405(g), to enter a judgment reversing the defendant Commissioner's decision with a remand of the cause to the defendant Commissioner for further administrative proceedings.

On remand to the Commissioner, the Administrative Law Judge (hereinafter "ALJ") will further consider the medical evidence of record regarding Plaintiff's mental impairment; consider the opinions rendered by the State Agency psychological consultants, explaining the weight afforded to such opinions; re-evaluate the severity of Plaintiff's mental impairment in accordance with 20 C.F.R. sections 404.1520a and 416.920a; if appropriate, establish Plaintiff's mental residual functional capacity; and, re-evaluate Plaintiff's ability to perform her past relevant work.

Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. section 405(g), and in light of the Commissioner's and Plaintiff's request to remand this action for further proceedings, this Court hereby:

**REVERSES** the Commissioner's decision under sentence four of 42 U.S.C. section 405(g) with a remand of the cause to the Commissioner for further proceedings. See Melkonyan v. Sullivan, 501 U.S. 89 (1991). The Clerk of the Court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. As there remains no justiciable dispute pending between the parties, upon the Clerk's entry of judgment, the Court's jurisdiction over this case shall terminate except for purposes of consideration and determination of motions for attorney's fees, including any motion for such fees under the Equal Access to Justice Act (EAJA). Plaintiff shall have thirty (30) days from final judgment in which to file any motion for attorney's fees under EAJA in this matter.

Signed: December 19, 2007

Richard L. Voorhees
United States District Judge